Matter of Goods (Commissioner of Labor) (2026 NY Slip Op 01828)

Matter of Goods (Commissioner of Labor)

2026 NY Slip Op 01828

Decided on March 26, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 26, 2026

CV-24-1683
[*1]In the Matter of the Claim of Ajia Goods, Appellant. Commissioner of Labor, Respondent.

Calendar Date:February 10, 2026

Before:Clark, J.P., Aarons, Pritzker, McShan and Corcoran, JJ.

Ajia Goods, Upper Montclair, New Jersey, appellant pro se.
Letitia James, Attorney General, New York City (Dennis A. Rambaud of counsel), for respondent.

Pritzker, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 10, 2024, which denied claimant's application for reopening and reconsideration of a prior decision.
In May 2021, the Department of Labor issued determinations finding claimant ineligible to receive various federal pandemic unemployment assistance benefits and charging her with recoverable overpayments of those benefits. In December 2021, claimant requested a hearing to challenge the foregoing determinations, to which the Department raised an issue as to the timeliness of the request because it was filed beyond the statutory 30-day period set forth in Labor Law § 620 (1). Following a hearing at which claimant testified, an Administrative Law Judge, in a decision filed February 8, 2022, sustained the Department's timeliness objection, which continued in effect the initial determinations charging claimant with recoverable overpayments of benefits. In May 2022, claimant appealed that decision to the Unemployment Insurance Appeal Board. By decision filed June 16, 2022, the Board dismissed the appeal as untimely, finding that the appeal was not filed within the requisite statutory 20-day period pursuant to Labor Law § 621 and claimant's excuse for the delay did not establish good cause. Over 18 months later in March 2024, claimant requested reopening and reconsideration of the Board's June 2022 decision. The Board, in a decision filed April 10, 2024, found that claimant presented no explanation for the delay in complying with the 30-day statutory period for filing the reopening request and, therefore, denied the application for reopening and reconsideration. Claimant appeals.
We affirm. "A decision as to whether to grant an application to reopen a decision is within the sound discretion of the Board, and, absent a showing that it abused that discretion, its decision will not be disturbed" (Matter of Spellen [Commissioner of Labor], 233 AD3d 1151, 1152 [3d Dept 2024] [internal quotation marks, brackets and citations omitted]; see 12 NYCRR 463.6 [a], [b]). Claimant does not raise any arguments regarding the denial of the application for reopening and reconsideration despite appealing from that decision, and, as such, has abandoned any claims with respect thereto (see Matter of Jimeno [Commissioner of Labor], 231 AD3d 1467, 1467-1468 [3d Dept 2024]; Matter of Tracy [Commissioner of Labor], 224 AD3d 1058, 1059 [3d Dept 2024]). In any event, our review of the record does not disclose any abuse of discretion in the Board's denial of claimant's belated application for reopening and reconsideration absent any explanation for the delay (see Matter of Jimeno [Commissioner of Labor], 231 AD3d at 1468). "As the denial of an application for reopening and reconsideration will only bring up for review the merits of the original determination when the application is made within the 30-day period during which that original determination could be appealed," claimant's challenges addressed to [*2]the underlying merits of the initial determinations regarding the propriety of her ineligibility and recoverable overpayments of benefits are not properly before this Court (id. [internal quotation marks, brackets and citations omitted]; see Matter of Spellen [Commissioner of Labor], 233 AD3d at 1152; see also 12 NYCRR 463.6 [a], [b]).
Clark, J.P., Aarons, McShan and Corcoran, JJ., concur.
ORDERED that the decision is affirmed, without costs.